```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CLAYTON MARK ANTHONY MEERTINS, JR.

                    Petitioner,

        - against -

NEW YORK STATE SUPREME COURT
and NEW YORK STATE CORRECTIONS
AND COMMUNITY SUPERVISION,

                    Respondents.
----------------------------------------------------------------x
CLAYTON MARK ANTHONY MEERTINS, JR.

                    Petitioner,

        - against -

NEW YORK STATE CORRECTIONS AND
COMMUNITY SUPERVISION,

                    Respondent.
----------------------------------------------------------------x
CLAYTON MARK ANTHONY MEERTINS, JR.

                    Petitioner,

        - against -

NEW YORK STATE CORRECTIONS AND
COMMUNITY SUPERVISION,

                    Respondent.
----------------------------------------------------------------x
```

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

24-CV-1327 (LDH) (LB)

24-CV-6740 (LDH) (LB)

25-CV-463 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

On February 22, 2024, Petitioner Clayton Mark Anthony Meertins, Jr. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. No. 24-CV-1327, ECF No. 1. The petition identifies a Queens County conviction under Docket Number CR-99049-20QN, but it does not

directly challenge the conviction or specifically request any relief. *Id.* at 1. It merely asserts that Petitioner's "name and date of birth were incorrect on all court documentation." *Id.* at 6. In his request for relief, he includes the incomplete statement: "510 Motion to vatcate [*sic*] Judgement based on." *Id.* at 16.

On August 15, 2024, Petitioner filed a duplicate petition in the United States District Court for the Southern District of New York. No. 24-CV-6740, ECF No. 1. Since the petition references a Queens County conviction, the Southern District transferred the action to this Court on September 4. 2024. No. 24-CV-6740, ECF No. 4. The only difference between the two petitions is that the August 14, 2024 petition includes a somewhat fuller statement of relief: "510 Motion to vatcate [*sic*] Judgement based on HABEAS CORPUS 463 ALIEN DETAINEE, 550, VIOLATION OF CIVIL RIGHTS, 441. VOTING, 442. EMPLOYMENT." No. 24-CV-6740, ECF No. 1 at 16.

On December 19, 2024, the United States District Court for the District of Columbia also received a copy of the same petition. No. 25-CV-463, ECF No. 1. Since the petition refers to the Queens County conviction, the District of Columbia District Court transferred the action to this Court on January 28, 2025. No. 24-CV-6740, ECF No. 4.

Petitioner attached a series of exhibits to the first two petitions, including multiple forms of identification (including birth certificate, passport, and driver's license) that indicate his birthdate as July 5, 1988, while a document from the New York Department of Corrections and Community Supervision lists his birthdate as July 6, 1988. No. 24-CV-1327, ECF No. 1, Exhibits. He does not explain why he is bringing this information to this Court. The petition filed in the United States District Court for the District of Columbia includes court documents from the prior filed petitions. No. 25-CV-463, ECF No. 1.

2

## DISCUSSION

The Court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rule 2 of the Rules Governing § 2254 Cases requires a petition to specify all the available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. Rules Governing Section 2254 Cases, Rule 2(c). A petition must permit the Court and the respondent to understand what it is that the petitioner is asking for and what facts and legal theories support each ground, so that the Court can decide whether to grant or deny the petition. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) ("Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (citations omitted)). Although the Court is obliged to construe *pro se* pleadings liberally, a *pro se* petitioner is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted); *see Jhagroo v. Immigration Court*, No. 19-CV-3689 (CM), 2019 WL 6051444, at *1 (S.D.N.Y. Nov. 13, 2019) (applying *Triestman* to *pro se* petition for a writ of habeas corpus).

These petitions are not properly brought under § 2254, because petitioner has not challenged his custody or sentence resulting from "the Judgment of a State court." Moreover, the petitions do not conform to the requirements of Rule 2(c). In his request for relief in the August 14, 2024 and December 19, 2024 petitions, he provides the Nature of Suit Codes 441, 442, 463, 510, and 550 that are used by the federal courts and appear on the Civil Cover Sheet. However, he does not explain why he lists these codes and descriptions nor seek any relief related to these potential claims.

In light of Petitioner's *pro se* status, should he wish to proceed under § 2254, he is directed to submit an amended petition that conforms with Rule 2(c) under docket number 24-CV-1327 (LDH). Petitioner is directed to provide details of his conviction and current custody status and to explain why he believes that his custody is in violation of the Constitution, laws, or treaties of the United States. He is also reminded that § 2254 requires the petitioner to exhaust the available state court remedies. 28 U.S.C. § 2254(b)(1)(A).

## CONCLUSION

Should Petitioner wish to proceed on a writ of habeas corpus pursuant to 28 U.S.C. § 2254, he must file an amended petition containing the information specified above. The amended petition must be submitted within thirty days of the date of this order, be captioned as an "amended petition" and bear Docket Number 24-CV-1327. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be dismissed.

As no useful purpose would be served by litigating duplicate petitions, the Clerk of Court is directed to dismiss Docket Number 24-CV-6740 and Docket Number 25-CV-463, without prejudice to the claims proceeding in 24-CV-1327. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Petitioner and to note the mailing on all three dockets.

SO ORDERED.

        /s/ LDH_____
        LaSHANN DeARCY HALL
        United States District Judge

Dated:    April 15, 2025
           Brooklyn, New York